UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CASE NO. 1:00-CR-042 |
| ) | |
| JAMMIE T. HAIRSTON ) | |
| ) | |
| Defendant.   ) | |

**OPINION AND ORDER**

Before the court is petitioner, Jammie Hairston's "Motion Seeking to Modify Sentence Pursuant to Title 18 U.S.C. §3582(c)(2)" filed on June 5, 2003. The Government responded on July 8, 2005. Hairston did not file a formal reply but, on July 26, 2005, the undersigned received a letter wherein Hairston referenced his pending motion. For the following reasons, Hairston's motion will be DENIED.

**DISCUSSION**

On August 23, 2000, a federal grand jury returned a two (2) count indictment against Hairston alleging that he possessed more than fifty (50) grams of cocaine base crack with intent to distribute in violation of 21 U.S.C. §841 (Count 1) and that he brandished, discharged or used or carried a firearm during and relation to a drug trafficking crime in violation of 18 U.S.C. §924(c) (Count 2). Hairston pleaded not guilty to both counts and proceeded to trial. A jury convicted Hairston on both counts. Subsequently, Hairston appeared at a sentencing hearing and was sentenced to 330 months imprisonment which included 210 months on Count 1 and a mandatory consecutive 120 months on Count 2. The undersigned enhanced Hairston's sentence by two points

based upon a finding that he obstructed justice by providing false testimony at trial.[1]  Thereafter, on May 30, 2001, Hairston filed his notice of appeal.

On November 16, 2001, the Seventh Circuit Court of Appeals in a two paragraph unpublished opinion affirmed Hairston's conviction.[2]  Hairston raised a single issue on appeal, that is, that the evidence at trial did not show that he wanted to distribute crack or that the gun he brandished was used during his drug business.

Hairston then filed a petition pursuant to 28 U.S.C. §2255 wherein he alleged that the district court erred in enhancing his sentence for obstruction of justice because the enhancement took his

---

[1] Hairston testified at trial that the cocaine base crack that police seized from his person at the time of his arrest just "appeared" in his shirt pocket and he did not know how it got there.  He also testified that he did not fire shots from the gun he possessed.  Both of these statements were contradicted by overwhelming evidence at trial.  Thus, the undersigned concluded that Hairston had fabricated his testimony.

[2] The substance of that opinion is as follows:

> Jammie Hairston, caught red-handed with a distribution quantity of cocaine and a firearm that had recently been discharged, was convicted not only of possessing crack with intent to distribute but also of using a firearm during and in relation to a drug transaction.  Hairston contends that the evidence does not show that he wanted to distribute the drug or that the gun was used during his drug business; it was used, he insists, only for self-defense.
>
> The problem with this argument – beyond the great difficulty that anyone faces when trying to upset a jury's resolution of a factual dispute–is that Hairston's own story strongly supports the verdict.  He admits that he received a distribution quantity of cocaine from his brother Marcus and set out to make sales.  Later, Jammie contends, after having trouble selling the crack, he tried to return it, but Marcus told him to continue trying to sell it.  When an argument ensued about this, plus money owed from earlier sales, Jammie fired his gun.  This shows two things: first that Jammie possessed cocaine with intent to distribute, and second that he used the gun during and in relation to a drug transaction.  That shot at a drug dealer (Marcus) during an argument about drugs and drug proceeds is no defense; it tends rather to show guilt.  As for intent to distribute: The question is not whether Jammie intended to distribute the drugs at the moment of his arrest (or of the fight with Marcus), but whether Jammie intended to distribute them at *any* time (within the period of limitations).

*United States v. Hairston*, No. 01-2386 (7th Cir. November 16, 2001) (unpublished).

2

sentence beyond the statutory maximum for the offense in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Hairston also alleged ineffective assistance of counsel based upon his counsel's alleged failure to advise him properly with respect to whether he should have accepted the government's plea agreement. On February 18, 2003, the undersigned denied Hairston's request for §2255 relief.

The present motion is Hairston's latest attempt to vacate his sentence, this time under 18 U.S.C. §3582(c)(2) which provides that in the case of a criminal defendant who has been sentenced to a term of imprisonment based on a sentencing range that is subsequently lowered by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(o), the sentencing court may reduce the term of imprisonment, after considering the factors set forth in 28 U.S.C. § 3553(a), if such a reduction is consistent with the policy statements issued by the Sentencing Commission. Hairston argues that his original sentencing range has been lowered by a retroactive, 2000 amendment to the sentencing guidelines, namely Amendment 591. In addition, Hairston argues that Amendment 487 has application to his case as does, he contends, the decision in *United States v. Booker*, 125 S.Ct. 738 (2005). It is to these contentions that the court now turns.

The plain language of § 3582(c)(2) provides jurisdiction for this Court to reopen, reconsider, and modify a defendant's sentence of imprisonment only when the sentencing range applicable to the defendant has been lowered by the Sentencing Commission and the amendment is made retroactive by the Sentencing Commission. Amendments that are retroactive for purposes of applying 28 U.S.C. § 3582(c)(2) are listed in U.S.S.G. § 1B1.10(c). Amendment 487 is not listed in U.S.S.G. § 1B1.10(c) and has not been made retroactive by the Sentencing Commission. Therefore, Hairston is not entitled

to any relief under 28 U.S.C. § 3582(c)(2) based on Amendment 487. [3]

The same is true of his argument that *Booker* somehow alters his sentence. The Seventh Circuit has clarified that the *Booker* holding is not retroactive on collateral review. *See McReynolds v. United States,* 397 F.3d 479, 2005 WL 237642 (7th Cir. Feb.2, 2005); see also *Green v. United States,* 397 F.3d 101, 2005 WL 237204, at *1 (2d Cir. Feb.2, 2005) (per curiam); *In re Anderson,* 396 F.3d 1336, 2005 WL 123923, at *3-4 (11th Cir. Jan.21, 2005). Indeed, the Seventh Circuit expressly stated in *McReynolds*: "[w]e conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005." *McReynolds,* 397 F.3d at 481.

This leaves Amendment 591 as the basis for Hairston's motion which is listed as a retroactive amendment in U.S.S.G. §1B1.10(c). Hairston argues that Amendment 591 requires that a sentence be based on factors that are specified in the indictment rather than facts listed in the presentence report. In other words, he contends that the Court's findings that he obstructed justice and that he intended to distribute at least 53.8 grams of cocaine base violated Amendment 591 because neither of these factors were charged in the indictment nor considered by the jury.[4] As explained below, his arguments misinterpret the amendment.

The stated reason for the adoption of Amendment 591 was to resolve a conflict among the circuit courts regarding the process through which a court determines which of the Sentencing

---

[3] Had Hairston not previously filed a petition under 28 U.S.C. §2255, this court could consider Hairston's argument relating to Amendment 487 under that procedural vehicle. However, in this case, 28 U.S.C. § 2244(b)(3)(A) bars district courts from asserting jurisdiction over successive habeas petitions until the circuit court has granted the petitioner permission to file one. Thus, the court has no jurisdiction to entertain Hairston's claim relating to Amendment 487 under either §3582(c)(2) or §2255.

[4] It is true that the obstruction of justice enhancement was not considered by the jury. The jury did, however, consider the amount of crack intended for distribution and specifically concluded that the amount was "more than 50 grams." The jury further concluded that the substance intended for distribution was "cocaine base crack" as set forth in the Verdict Form.

Guidelines' Chapter Two "Offense Conduct" provisions should apply in a given case. Amendment 591 was intended to clarify that the selection of a Chapter Two provision should, with certain limited exceptions, be determined solely by reference to the statute of conviction, with relevant conduct factored in only after this initial selection is made. *See, e.g., Watterson v. United States,* 219 F.3d 232, 234-35 & n. 6 (3d Cir.2000) (discussing the prior split among the circuits and the effect of Amendment 591).

In this case, Hairston was convicted of 21 U.S.C. §841(a)(1), possession of crack with intent to distribute.  As a result, the probation officer properly concluded that Hairston's offense guideline for the drug offense should be calculated by reference to U.S.S.G. §2D1.1.   Hairston contends, however, that the court inappropriately calculated his offense level under that guideline because the court considered relevant conduct.  In making this argument, Hairston confuses the term "offense guideline" with "offense level."   The amendment does not alter the Court's obligation to apply appropriate cross-references contained in a particular offense guideline section from Chapter Two. *See United States v. Garcia,* 204 F.Supp.2d 790, 795 (D.N.J.2002) and *Anderson v. United States,* 2001 WL 180140, No. 3-90- 0165-H, at *2 (N.D.Tex. Feb. 16, 2001). The amendment also does not alter the Court's obligation to consider the movant's relevant conduct when determining his base offense level. *See* U.S.S.G. § 1B1.2(b). *See also* U.S.S.G. § 1B1.3, comment. (backg'd.) (Nov.2000) (stating (both pre- and post-Amendment 591) that "[c]onduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range."); *United States v. Rivera,* 293 F.3d 584, 2002 WL 1162693, at *2 (2nd Cir. June 3, 2002) ("The plain wording of Amendment 591 applies *only* to the choice of the applicable offense guideline, not to the subsequent selection of the base offense level.... U.S.S.G. § 1B1.3(a) explicitly allows a

5

sentencing court to consider relevant conduct and specific offense characteristics in choosing the appropriate *base offense level* once an offense guideline has been selected.") (emphasis in original) and *United States v. Shipp,* 41 Fed. Appx. 884, 2002 WL 1732603, at *2 (7th Cir. July 25, 2002) ("After Amendment 591, a sentencing court may still consider actual conduct in determining relevant conduct under U.S.S.G. § 1B1.3, but not in selecting the appropriate offense guideline under U.S.S.G. § 1B1.1(a) and U.S.S.G. § 1B1.2(a).") (unpublished).

In the instant case, the Court applied the guidelines as they existed at the time of the sentencing hearing, and the procedures used at that hearing were consistent with the mandate of Amendment 591. As required by the guidelines, the Court first determined that § 2D1.1 was the most applicable offense guideline for count one (the 21 U.S.C. § 841(a)(1) conviction). Contrary to Hairston's assertion, this determination was not based on the Court's finding that he intended to distribute close to 53 grams of cocaine base. Instead, this determination was based on the facts that he was convicted of possession with intend to distribute cocaine base and that none of the other offense guideline sections from Chapter Two fit within the scope of the first count.[5]

What was determined as a result of the court's finding that Hairston intended to distribute 53 grams of crack was the offense level under guideline section 2D1.1. Under § 2D1.1(c), the offense level is the level specified in the Drug Quantity Table and, in this case, with relevant conduct which the court was entitled to consider, the base offense level was calculated at 32. The court then specifically concluded that Hairston obstructed justice through perjurious testimony thereby increasing his offense level by two levels.

---

[5] With regard to count two (the conviction under 18 U.S.C. § 924(c)(1)) the guideline sentence is the statutory mandatory minimum sentence and must be served consecutively to the imprisonment sentence imposed on Count 1.  *See* USSG §2K2.4(b) and 18 U.S.C. §924(c)(1)(D).

Given the above scenario, the Court conducted itself in the manner required by Amendment 591. Accordingly, there is no basis for relief under §3582. Hairston's Motion is therefore DENIED.

## CONCLUSION

Based on the foregoing, Hairston's Motion for Sentence Modification is DENIED.

Entered: August 17, 2005

s/William C. Lee<br>
United States District Court<br>
Northern District of Indiana