UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. 1:00-CR-042 |
| ) | |
| JAMMIE T. HAIRSTON ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the court is petitioner, Jammie Hairston's "Motion to Recall Mandate and Vacate Judgment for Good Cause" filed pursuant to Fed.R.Civ.P. 60(b)" filed on January 9, 2006. The Government responded on February 6, 2006 to which Hairston replied on February 16, 2006. For the following reasons, Hairston's motion will be DISMISSED for LACK OF JURISDICTION and his petition deemed a successive petition pursuant to 28 U.S.C. §2255 for which prior authorization from the Seventh Circuit Court of Appeals is required.

**DISCUSSION**

On August 23, 2000, a federal grand jury returned a two (2) count indictment against Hairston alleging that he possessed more than fifty (50) grams of cocaine base crack with intent to distribute in violation of 21 U.S.C. §841 (Count 1) and that he brandished, discharged or used or carried a firearm during and relation to a drug trafficking crime in violation of 18 U.S.C. §924(c) (Count 2). Hairston pleaded not guilty to both counts and proceeded to trial. A jury convicted Hairston on both counts. Subsequently, Hairston appeared at a sentencing hearing and was sentenced to 330 months imprisonment which included 210 months on Count 1 and a mandatory consecutive 120 months on Count 2. The undersigned enhanced Hairston's sentence by two points based upon a finding that he

1

obstructed justice by providing false testimony at trial.[1]  Thereafter, on May 30, 2001, Hairston filed his notice of appeal.

On November 16, 2001, the Seventh Circuit Court of Appeals in a two paragraph unpublished opinion affirmed Hairston's conviction.  Hairston raised a single issue on appeal, that is, that the evidence at trial did not show that he wanted to distribute crack or that the gun he brandished was used during his drug business.

Hairston then filed a petition pursuant to 28 U.S.C. §2255 wherein he alleged that the district court erred in enhancing his sentence for obstruction of justice because the enhancement took his sentence beyond the statutory maximum for the offense in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  Hairston also alleged ineffective assistance of counsel based upon his counsel's alleged failure to advise him properly with respect to whether he should have accepted the government's plea agreement.  On February 18, 2003, the undersigned denied Hairston's request for §2255 relief.  Hairston then filed a "Motion to Modify his Sentence" in June 2005 which the undersigned denied by Opinion and Order dated August 18, 2005.

The present motion is Hairston's latest attempt to vacate his conviction and sentence, this time using Fed.R.Civ.P. 60(b) in an attempt to have this court alter its February 18, 2003 order denying his original §2255 petition.  The Government urges that the instant petition is functionally the equivalent of a successive habeas petition and should be dismissed for lack of jurisdiction.  In turn, Hairston relies on a recent Supreme Court case, *Gonzalez v. Crosby,* --- U.S. ----, ----, 125 S.Ct. 2641, 2648,

---

[1] Hairston testified at trial that the cocaine base crack that police seized from his person at the time of his arrest just "appeared" in his shirt pocket and he did not know how it got there.  He also testified that he did not fire shots from the gun he possessed.  Both of these statements were contradicted by overwhelming evidence at trial.  Thus, the undersigned concluded that Hairston had fabricated his testimony.

2651 (2005) as a basis for permitting him to seek relief under Fed.R.Civ.P. 60(b). However, as is demonstrated below, he misapplies the holding in that case to his present petition.

As the Government points out, the Court in *Gonzalez* held that a motion under Rule 60(b) containing certain claims--such as when a petitioner claims that a subsequent change in substantive law is a reason justifying relief from a previous denial of a claim--"is, if not in substance, a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' [§ 2254]." *Id.* In so finding, the Court approved the holdings of the Seventh Circuit and its sister circuits in cases such as *Dunlap v. Litscher,* 301 F.3d 873, 876 (7th Cir.2002) (finding that § 2244(b)(2) and § 2255 ¶ 8 bar a district court from using a Rule 60(b) motion "to give a prisoner broader relief from a judgment rendered by the court in the prisoner's federal habeas corpus (including section 2255) proceeding. Otherwise AEDPA's limitations on collateral attack would be set at naught.").

However, the Supreme Court in *Gonzales* also recognized that certain issues presented in Rule 60(b) motions do not merit construal as successive petitions. *Gonzales,* 125 S.Ct. at 2648; *Dunlap,* 301 F.3d at 876 ("It is only when Rule 60(b) conflicts with AEDPA that it is unavailable to a prisoner ... [not when, for example,] the state procured dismissal of a prisoner's first federal habeas corpus proceeding by making fraudulent representations to the district court...."). Whether a Rule 60(b) motion is properly considered a successive petition hinges on whether the arguments presented in the motion constitute a claim, as the term claim is used in § 2244(b). The Court determined that a petitioner brings a "claim" when his motion "attacks the federal court's previous resolution of a claim *on the merits." Gonzales,*, 125 S.Ct, at 2648. The Court distinguished the case where a Rule 60(b) motion attacks "some defect in the integrity of the federal habeas proceedings." *Id.* In those cases--

3

cases where no "claim" is presented--"there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application." *Id.* "If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Id.*

The reasoning of *Gonzalez v. Crosby* has been extended to § 2255 motions which implicate similar concerns of successiveness. *United States v. Scott,* 414 F.3d 815, 816 (7th Cir.2005). Thus, where a motion challenges a perceived "defect in the integrity of the proceedings" under § 2255, a Rule 60(b) motion is appropriate.

Here, Hairston's primary argument is that he is entitled to relief from his conviction and sentence pursuant to the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220(2005), which extended the rule in *Blakely v. Washington,*542 U.S. 296 (2004) to strike down the mandatory portion of the United States Sentencing Guideline regime. Hairston's Rule 60(b) motion does not take issue with any particular procedural aspect in the Court's decision to deny relief under 28 U.S.C. § 2255. Instead, the Rule 60(b) motion attempts to repeat the same substantive arguments made in his original § 2255 motion and to assert new claims for relief under *Booker.* A Rule 60(b) motion such as the one filed by Hairston which raises claims for relief rather than challenges to defects in a prior collateral review proceeding, is treated as a successive § 2255 motion that is subject to 28 U.S.C. § 2244(b). *See Gonzalez,* 125 S.Ct. 2641.

In sum, the Court finds that because Hairston's motion attacks the substance of the Court's resolution of his prior petition under §2255 claims on the merits, it lacks jurisdiction to entertain the motion without authorization from the United States Court of Appeals for the Seventh Circuit. *See* 28

4

U.S.C. 2244(b)(3); *Gonzalez*, 125 S.Ct. at 2649 ("a Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition.").

ACCORDINGLY, Hairston's "Motion to Recall the Mandate" is DISMISSED for lack of jurisdiction.

Entered: February 22, 2006

s/William C. Lee<br>
United States District Court<br>
Northern District of Indiana