**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 1:00-CR-00042 |
| | ) | |
| JAMMIE T. HAIRSTON | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## OPINION AND ORDER

Before the court is Jammie T. Hairston's ("Hairston's") "Pro Se Motion to Reduce or

Modify Sentence Pursuant to 18 U.S.C. §3582(c)(2)," [DE 141] filed on March 9, 2015. The

Government responded on March 26, 2015 to which Hairston replied. For the following reason,

Hairston's Motion will be DENIED.

Hairston's present motion comes on the heels of this Court's Order dated March 2, 2015

granting the Motion of the Federal Community Defender to withdraw as counsel in the case. [DE

139]. By way of background, on October 2, 2014, Hairston filed a letter in his case seeking counsel

to pursue a Motion for Reduction of Sentence pursuant to 18 U.S.C. §3582(c) due to Amendment

782 of the Amended Sentencing Guidelines. [DE 115]. Amendment 782 has an effective date of

November 1, 2015. Amendment 782 prohibits retroactive application of its provisions prior to

November 1, 2015.

On October 16, 2014, the Northern District of Indiana Federal Community Defenders, Inc,

filed an appearance on behalf of Hairston's behalf. After review of Hairston's case, the Federal

Community Defender submitted a Notice to the Court informing the Court that because Hairston

was sentenced to a statutory mandatory minimum sentence on Count 2, he is not eligible for a

sentencing reduction under Amendment 782. Counsel further represented that a motion under 18

U.S.C. §3582(c) would be improper and would not be forthcoming. In light of these representations, the Court granted counsel's motion to withdraw. [DE 139]. Therafter, on the same date that Hairston filed his present motion, the United States Probation Office filed with the Court its "Sentencing Reduction Addendum" [DE 140] which further confirms Hairston's ineligibility for the reduction under Amendment 782.

Hairston was originally convicted and then sentenced on May 24, 2001 to consecutive sentences of 210 months imprisonment on Count 1 (possessing with intent to distribute more than 50 grams of cocaine base "crack" in violation of 21 U.S.C. §841) and 120 months imprisonment on Count 2 (brandishing/discharging a firearm in relation to a drug trafficking offense). In 2009 and again in 2011, Hairston benefitted from two Sentencing Commission amendments which ultimately reduced his sentence on Count 1 to the mandatory minimum sentence of 120 months. In his present motion, Hairston seeks a further reduction below the mandatory minimum sentence for Count 1.

Unfortunately for Hairston, his current sentence of 120 months is not "based on a sentencing range that has been subsequently lowered by the commission." Rather, under U.S.S.G. §5G1.1(b), when the statutory required mandatory minimum is greater than the applicable guideline range, the statutory mandatory minimum is the guideline sentence. Here, because Hairston's sentence is already set at the statutory mandatory minimum of 120 months on the drug count, his sentence is dictated by statute and not affected by any change in the base offense level of the advisory guidelines. Accordingly, Hairston is not entitled to any further sentence reduction under Amendment 782.

Hairston also makes additional arguments that are repetitive of arguments he made in his previous reduction attempts related to the applicability of *United States v. Booker,* 543 U.S. 220 (2005). This Court has previously rejected those arguments as has the Seventh Circuit Court of

Appeals in *United States v. Cunningham,* 554 F.3d 703 (7th Cir. 2009) (holding that a district court, when considering a sentence reduction pursuant to 3582(c)(2) cannot reduce a defendant's sentence below the retroactively amended guidelines range based on *Booker).* Thus, this Court is without authority to reduce Hairston's sentence any further. Accordingly, Hairston's Motion is DENIED.

SO ORDERED. This 28th day of May, 2015.

s/ William C. Lee
United States District Court
